```
                           UNITED STATES DISTRICT COURT
                           SOUTHERN DISTRICT OF FLORIDA

                           CASE NO. 09-20447-Civ-LENARD
                                  (05-20931-Cr-LENARD)
                           MAGISTRATE JUDGE P. A. WHITE
```

SANDY D. MCKENZIE,            :

    Movant,               :
                                                REPORT RE DISMISSAL
v.                            :        OF §2255 MOTION
                                                   AS TIME-BARRED
UNITED STATES OF AMERICA      :

    Respondent.           :
_____

    This matter is before this Court on the movant's motion to vacate pursuant to 28 U.S.C. §2255, attacking his conviction and sentence for possession of cocaine, cocaine base, marijuana and of a firearm by a convicted felon, entered following a jury verdict in case no. 05-20931-Cr-Lenard.

    The Court has reviewed the initial filing (Cv-DE#1), the motion to vacate (Cv-DE#9), the motion to amend (Cv-DE#12), the government's response (Cv-DE#17), the movant's traverse (Cv-DE#18), the Presentence Investigation Report (PSI), and all pertinent portions of the underlying criminal file.

    The initial pleading was filed by the movant on February 16, 2009 (Cv-DE#1:1), followed by the motion to vacate on April 8, 2009. (Cv-DE#9:14).[1] The judgment of conviction in the underlying criminal case became final at the latest on January 15, 2008, when

---

[1] See Adams v. U.S., 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

1

the movant's petition for writ of certiorari was denied.[2] See United States v. King, et al., 66 Fed. Appx. 844 (11th Cir. 2003)(table), cert. den'd, 540 U.S. 902 (2003). (Cr-DE#68). Accordingly, despite whether the initial pleading or the motion to vacate prepared are considered the commencement of this civil proceeding, both documents were untimely filed.

At the latest, the movant was required to file his motion to vacate within one year from the time the judgment became final, or no later than January 15, 2009. See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986). This motion to vacate was untimely filed.

Procedurally, the movant was charged with and convicted of possession of cocaine, possession of cocaine base, possession of marijuana and possession of a firearm by a convicted felon. (Cr-DE#1,47). He was subsequently sentenced to a total of 235 months imprisonment, followed by 5 years of supervised release. (Cr-DE#53). He appealed, and on August 21, 2007, the Eleventh Circuit Court of Appeals, per curiam, affirmed the convictions and sentences in a written but unpublished opinion. See United States v. McKenzie, 239 Fed.Appx. 544 (11th Cir. 2007). (Cr-DE#66). The Supreme Court denied the movant's petition for writ of certiorari on January 15, 2008. (Cr-DE#68). Thus, rendering the judgment of conviction final at the latest on January 15, 2009.

---

[2]The Supreme Court has stated that a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); accord, United States v. Kaufmann, 282 F.3d 1336 (11th Cir. 2002). Once a judgment is entered by a United States court of appeals, a petition for writ of certiorari must be filed within 90 days of the date of entry. The 90 day time period runs from the date of entry of the judgment rather than the issuance of a mandate. Sup.Ct.R. 13; see also, Close v. United States, 336 F.3d 1283 (11th Cir. 2003).

On February 16, 2009, as his initial pleading in this collateral proceeding, the movant filed a document which fails to reveal any cognizable claim other than a mere assertion that he suffered a violation of the Double Jeopardy clause. (Cv-DE#1). Notwithstanding, it appears, in essence, the movant requested an extension of time to properly file a motion to vacate pursuant to 28 U.S.C. §2255. (Id.).

The Court, thereafter, on two occasions, ordered the movant to file an amended motion on the required form 2255. (Cv-DEs#3,6). However, not until April 21, 2009, does the docket reflect receipt of the movant's motion on a form 2255.[3] (Cv-DE#9). Also reflected on the Court's docket, on April 21, 2009, a letter filed by the movant regarding his 2255 form stating "due to good cause and reasons beyond my control by the B.O.P., I was unable to forward my motion for 2255 . . . . I sincerely apologize for the untimely delay upon me." (Cv-DE#8). The government subsequently filed its answer on June 26, 2009 (Cv-DE#17) and the movant filed a traverse and affidavit on July 10, 2009. (Cv-DEs#18,19).

The government argues correctly that this motion is time-barred. Pursuant to 28 U.S.C. §2255, as amended April 24, 1996, a one year period of limitations applies to a motion under the section. The one year period runs from the latest of:

> (1)   The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[3]Although the motion is docketed on April 21, 2009, it is important to note that the motion to vacate states that it was signed and executed on April 8, 2009. Whether the movant signed and executed his motion on April 8, 2009 or some time thereafter, it is of no import, as despite his filing, the motion is nonetheless untimely.

   (2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from filing by such governmental action;

   (3) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (4) The date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

The Eleventh Circuit has held that the limitations period may be equitably tolled when a movant's timely filing of a motion to vacate is impeded by extraordinary circumstances beyond his control and unavoidable even with due diligence. See Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11th Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, ___ U.S. ___, 122 S.Ct. 1965 (2002); Sandvik v. U.S., 177 F.3d 1269, 1270 (11th Cir. 1999). The movant has not demonstrated extraordinary circumstances beyond his control.

The onus is on the movant to show that he is entitled to this extraordinary relief. Outler v. United States, 485 F.3d 1273, 1280 (11th Cir. 2007). To discharge his burden, he must demonstrate: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Lawrence v. Florida, 127 S.Ct. 1085 (2007)

(quotation marks and citation omitted); Johnson v. Florida Department Of Corrections, 513 F.3d 1328, 1333 (11th Cir. 2008); Jones v. United States, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing Akins v. United States, 204 F.3d 1086, 1089 (11th Cir. 2000)); Johnson, 340 F.3d at 1226. The court will not relieve a petitioner who has sat upon his rights. United States v. Cicero, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing Coleman v. Johnson, 184 F.3d 398, 402-03 (5th Cir. 1999)).

Moreover, tolling would not be appropriate in circumstances such as those present in this case where the petitioner was not diligent in pursuing his claims. See Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618- 19 (3d Cir. 1998)(holding that equitable tolling applies only where prisoner has diligently pursued his claim, but has in some "extraordinary way" been prevented from asserting his rights). See also Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984); Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990)(holding that principles of equitable tolling do not extend to what is best a garden variety claim of excusable neglect); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999)(noting that "equity is not intended for those who sleep on their rights"). The movant has not acted diligently in presenting the challenges to his convictions now raised.

Moreover, the movant is not entitled to equitable tolling because he is an unskilled layperson with a limited educational background who is unfamiliar with the law. Mere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling of AEDPA's limitation period. See Felder v. Johnson, 204 F.3d 168, 172-73 & n. 10 (5th Cir. 2000)(citing cases), cert. denied, 531 U.S. 1035 (2000)(holding that ignorance

5

of law and pro se status are insufficient to toll statute of limitations); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999); United States v. Flores, 981 F.2d 231, 236 (5th Cir.1993)(holding pro se status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986)(illiteracy of pro se petitioner not sufficient cause to avoid procedural bar); Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991)(holding equitable tolling of limitations period within the Age Discrimination in Employment Act was not warranted by plaintiff's unfamiliarity with legal process, his lack of representation, or his ignorance of his legal rights).

With the passage of the Antiterrorism and Effective Death Penalty Act, litigants must be attentive to the time limitations for filing a motion to vacate, and make diligent efforts to file the motion within one year from the time their convictions become final. United States v. Trenkler, 268 F.3d 16, 24-27 (1st Cir. 2001); United States v. Prescott, 221 F.3d 686, 687-689 (4th Cir. 2000)(pending motion for new trial after finality of direct review does not toll AEDPA's statute of limitations); O'Connor v. United States, 133 F.3d 548 (7th Cir. 1998); Johnson v. United States, 246 F.3d 655 (6th Cir. 2001); United States v. Norris, 2000 WL 521482 (DC Cir. 2000); United States v. Chambers, 126 F.Supp.2d 1052 (E.D. Michigan 2000). The filing of this motion to vacate over one year after his judgment became final is untimely. The movant has not shown that extraordinary circumstances beyond his control precluded him from timely filing this motion to vacate.

Moreover, the law is clear that a district court's jurisdiction over post-sentencing actions pertaining to a federal criminal case is extremely limited. In pertinent part, a district

court may exercise jurisdiction over a proceeding on a motion to correct or reduce a sentence pursuant to 28 U.S.C. §2255. Cases filed pursuant to §2255 are civil cases, and, because a "civil action is commenced by filing a complaint with the court," Fed.R.Civ.P. 3, a §2255 action commences only with the filing of a motion to vacate or set aside a sentence pursuant to 28 U.S.C. §2255. Indeed, Congress has placed strict limitations upon the commencement of §2255 proceedings. See 28 U.S.C. §2255; Adams v. United States, 173 F.3d 1339, 1342 (11th Cir. 1999), and strict substantive limitations on review of appeals brought by unsuccessful §2255 movants, 28 U.S.C. §2255(c)(2); see, e.g., Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998).

As will be recalled, the limitations period ran unchecked from February 16, 2009, which was the time the movant filed his motion, in essence, seeking an extension of time to file his §2255 motion, because this Court lacked jurisdiction to consider the timeliness of a §2255 motion until the motion was actually filed on April 8, 2008, although said date is highly suspect. United States v. Springer, 2007 WL 705048 (M.D. Fla. 2007), citing, United States v. McFarland, 125 Fed.Appx. 573, 574 (5th Cir. 2005); United States v. Leon, 203 F.3d 162, 163 (2nd Cir. 2000). That is because in the absence of a case or controversy a court has no jurisdiction and any decision on the matter would be an improper advisory opinion. McFarland, 125 Fed.Appx. 574; Leon, 203 F.3d at 163; United States v.. Polanco, 1999 WL 328352 (S.D. N.Y. 1999); United States v. Chambliss, 1998 WL 246408 (6th Cir. 1998)(unpublished opinion)(court dismissed appeal of denial of motion for an extension, holding that "[t]he timeliness of a §2255 motion can be addressed by the district court if and when a motion is filed. There is currently no case or controversy and this court does not render advisory opinions.).

7

Although as a result of the initial pleading, the court ordered for an amended motion on the required form 2255, the motion itself did not allege any cognizable claim for relief under §2255, and therefore, at that time, it would have been inappropriate for the court to construe the motion for extension of time as a §2255 motion. See Green 260 F.3d at 84 (holding "because Green had not articulated any basis in fact or law for relief under section 2255, the district court did not err by failing to treat her motion to extend time as a substantive section 2255 motion").

However, even if it is determined that the movant's initial pleading could be construed as motion to vacate, it is nevertheless untimely. He has not demonstrated that he diligently pursued filing of this motion to vacate within one year following the entry of his judgment which would warrant equitable or statutory tolling. The time-bar is ultimately the result of the movant's failure to properly and timely prosecute this federal habeas corpus petition. The movant was required to file this motion to vacate at the latest within one year from the time his conviction became final. He did not do so.

To the extent the movant argues that the law library where he was confined was inadequate. The movant, however, has not alleged a total denial of access to a law library, or an absolute deprivation of access to all legal materials. Even if this Court were to accept the petitioner's contention that the law libraries where he has been confined in the state system were inadequate because they lacked certain needed state and/or federal court materials, such a fact clearly did not prevent the petitioner from pursuing state post-conviction relief. The petitioner has in no way demonstrated that he was actually impeded by any unconstitutional

state action in timely filing this federal petition for writ of habeas corpus. Bare allegations of denial of access to a law library are not sufficient, standing alone, to entitle a petitioner to equitable tolling. See, e.g., Miller v. Marr, 141 F.3d 976, 978 (10 Cir. 1998)(stating that "Mr. Miller has provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims.... It is not enough to say that the Minnesota facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate."); see also, Akins v. United States, 204 F.3d 1086 (11th Cir. 200)). Instead, a movant must come forward with evidence regarding the steps he took to diligently pursue his remedies during the time that he was deprived of access to legal materials.

The movant's conclusory allegations regarding insufficient access to a law library do not justify equitable tolling.[4] The movant's failure to do so renders his argument for equitable tolling unpersuasive. See Gonzales v. Williams, 60 Fed.Appx. 245, 2003 WL 1384028 (10th Cir. 2003)(holding that finding that habeas petitioner was not entitled to equitable tolling of one-year limitations period on basis of lack of access to law library was not reasonably debatable, because petitioner offered no evidence regarding steps he took to diligently pursue remedies during time he was deprived of access to law library but relied solely on bare allegations of temporary denial of access without explaining his delay after he was transferred to a prison with legal materials). Thus, not only is equitable tolling not appropriate for the reasons alleged, but statutory tolling is also unwarranted.

---

[4]Absent supporting evidence in the record, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his pro se petition to be of probative value. Ross v. Estelle, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

It is therefore recommended that this motion to vacate be dismissed as time-barred.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed this 2nd day of October, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Sandy D. McKenzie, Pro Se
Reg. No. 64785-004
FCI - Jesup
2680 Highway 301 South
Jesup, GA 31599

Anne Ruth Schultz, AUSA
United States Attorney's Office
99 NE 4th Street
Miami, FL 33132

Daniel L. Rashbaum, AUSA
United States Attorney's Office
99 NE 4th Street
Miami, FL 33132